**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-10152 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-01577-DGC-1 |
| v. | |
| EDDIE PATTERSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted February 7, 2019[**]
Phoenix, Arizona

Before:  HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Appellant Eddie Patterson ("Patterson") appeals his conviction for sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246.  He contends he was deprived of his right under the Confrontation Clause to recross-examine a witness. We find no constitutional violation and affirm his conviction.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Recross is not a constitutional right, and district courts have wide discretion whether to allow it. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). A defendant is entitled to recross only if material new matter is elicited on redirect examination. *United States v Baker,* 10 F.3d 1374, 1404–05 (9th Cir. 1993). The information elicited here was neither new nor material. In cross, the defense had suggested that surely if the victim had talked to a social worker for three hours, certain details about the charged crime would have come up. In redirect, the government placed the interview in context by eliciting testimony that the worker was also talking to the victim about matters not involving Patterson during those three hours. The defense had put the interview at issue and was aware of its contents when questioning the victim on cross. Thus, this information was not new or surprising to the defense.

Nor was the additional information significant or material in the context of the case. The victim's interview with the social worker was a relatively small piece of the overall case. The "new" information did not detract from the multiple inconsistencies in details accurately pointed out by defense counsel in its extensive cross-examination about this and other interviews given by the victim shortly after the incident. Thus, there was no violation of Patterson's rights under the Confrontation Clause.

**AFFIRMED.**

2